# Palmer *v.* Pittsburg, Shawmut & Northern Railroad Company.

*Receivers—Railroads—Appeals—Bond—Act of May* 19, 1897—*Quashing appeal.*

Where the receiver of a railroad company fails to intervene in a pending suit against the company, and judgment is entered in such suit for plaintiff, an appeal taken by the receiver after filing an unapproved bond for a nominal sum only, will be quashed.

Argued April 30, 1906. Appeal, No. 356, Jan. T., 1905, by Frank Sullivan Smith, receiver of Pittsburg, Shawmut & Northern Railroad Company, from judgment of C. P. McKean Co., Oct. T., 1904, No. 100, on verdict for plaintiff in case of W. S. Palmer *v.* Pittsburg, Shawmut & Northern Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Appeal quashed.

Trespass to recover damages for personal injuries. Before BOUTON, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $5,847. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John G. Johnson* and *Thomas F. Richmond*, of *Gorton & Richmond*, with them *Tait & Jones*, for appellant.

*F. D. Gallup* and *John E. Mullin* with them *V. B. Bouton*, for appellee.

PER CURIAM, May 24, 1906:

This action was brought against the Pittsburg, Shawmut & Northern Railroad Company. On November 17, 1905, the case was called for trial, and on the day following a verdict was rendered in favor of the plaintiff for $5,847. It seems that this appellant was appointed receiver of the defendant company on August 1, 1905, but he never intervened in the suit and defended in his representative capacity. The judgment was against the railroad company alone, and from it the company could not have appealed without giving the bond required by section 6 of the Act of May 19, 1897, P. L. 67. The company did not appeal, but the receiver, without ever having become a party to the record, took this appeal, filing in the court below an unapproved bond in the nominal sum of $100, which contains conditions not to be found in the act of 1897. The motion to quash the appeal must prevail. If it had been taken by the railroad company on such a bond as was filed by the receiver, we would be required to quash it. When he might have defended in his representative capacity, he failed to do so. He appeared only after judgment was entered against the company, and even then without leave of court. His right to appeal under the circumstances, without giving the bond required by the act of assembly to secure to the appellee the payment of the judgment recovered against the railroad company, cannot be recognized.

Appeal quashed.